# William C. Taylor, Adm'r
## v.
# George Thompson.

1. Promissory note—Innocent purchaser—Fraud.—It was urged in defense that the form of the note in suit and its indorsements were such as should put a purchaser upon inquiry, but the evidence showed no fraud in obtaining the execution of the note, and even if the transaction was fraudulent in reference to the consideration of the note, that taint could not follow it into the hands of an innocent purchaser.

2. Failure of consideration.—A failure of consideration in whole or in part, or fraud in the consideration of the note, cannot be set up as a defense, where the note has been assigned before its maturity for a valuable consideration, without tracing its defects to the knowledge of the assignee.

Appeal from the Circuit Court of Perry county; the Hon. Amos Watts, Judge, presiding.

Messrs. T. T. & D. W. Fountain, for appellant; that want or failure of consideration cannot be set up against an innocent purchaser before maturity, cited Rev. Stat. 1874, Chap. 98, § 9.

Taylor v. Thompson.

The fraud which would vitiate must relate to the obtaining of the note, and not to its consideration: Woods v. Hynes, 1 Scam. 103; Mulford v. Shepard, 1 Scam. 583; Adams v. Wooldridge, 3 Scam. 255; Latham v. Smith, 45 Ill. 25; Shipley v. Carroll, 45 Ill. 285.

To make failure of consideration a defense, it must be shown that appellee is not a *bona fide* purchaser: Stacker v. Watson, 1 Scam. 207; Topper v. Snow, 20 Ill. 434; Mitchell v. Deeds, 49 Ill. 416.

The indorsee is presumed to have taken the note in due course of trade, before maturity, in the absence of proof to the contrary: Depuy v. Schuyler, 45 Ill. 306; Wightman v. Hart, 37 Ill. 123; Mulford v. Shepard, 1 Scam. 583.

That the indorsee could sue in his own name, the indorsement being in the nature of a guaranty: 2 Parsons on Bills, 53; Upham v. Prince, 12 Mass. 14; Blakely v. Grant, 6 Mass. 386; Myrich v. Hasey, 27 Me. 9.

An agreement that the note would not be collected unless the agent returned and fixed up the machine, was not proper to be shown: Foy v. Blackstone, 31 Ill. 538; 2 Parsons on Bills 509.

Messrs. HAMMOCK & DAVIS, for appellee; that the Davis Sewing Machine Co. is bound by the acts of their agent, the payee in the note, and is not an innocent purchaser, cited Story on Agency, § 33; Commercial Ins. Co. v. Ives, 56 Ill. 402; R. R. I. & St. L. R. R. Co. v. Wilcox, 66 Ill. 417; St. L. & M. Packet Co. v. Parker, 59 Ill. 23.

That the form of the note should have put appellant upon inquiry, and he is bound to make such inquiry: Sims v. Bice, 67 Ill. 88; Le Neve v. Le Neve, Leading Cas. Eq. 158.

That the Davis Sewing Machine Co. could not buy the note, being an incorporated company: Angell and Ames on Corporations, § 111; Beatty v. Lessee of Knowles, 4 Pet. 152; N. Y. F. Ins. Co. v. Ely, 2 Cow. 664; Lowe v. Bennet, 5 Conn. 574.

TANNER, P. J. This case was tried in the Circuit Court of Perry county, on appeal from a justice of the peace, and

a verdict and judgment obtained for the appellee, from which the appellants appealed.

The appellants on the trial offered in evidence, with its indorsement, the following promissory note:

" $75.                              "JANUARY 10, 1874.

" Eighteen months after date, I promised to pay to the order of A. J. Shepherd, seventy-five dollars, payable at Adams' express, Coultersville, Ill., for value received, with ten per cent. interest from maturity. I hereby confess judgment for the above sum, with ten per cent. fees, if collected by an attorney. This note is given subject to the conditions on the back. I also agree to make no payment on this note to any agent unless he has this note in his possession, and indorses the payment on the back at the time it is made. "GEORGE $\overset{\text{his}}{+}$ THOMPSON,

" P. O. address, Coultersville, Ill.        mark.

" Witness, S. E. BALDWIN."

Upon the end of said note is (printed) the following:

" Remington Sewing Machine, N. J. Shepherd, general agent, 617 North Fourth street, St. Louis, Mo.

" Upon the back of said note are the following indorsements:

" For value received, I hereby guarantee the prompt payment of the within note.

" (Signed)                    N. J. SHEPHERD,
                              " MG'R. P.

" Pay John Taylor for collection account of J. B. Collins."

The appellee then testified that the note was given to one Baldwin for a sewing machine. That Baldwin took the machine to his house to sell it to him, but his family did not know how to use it, and Baldwin had no needles with him, and could not teach his family, but he was to return in a few days and teach them; and if he did not he would return the note. That he, appellee, then signed and delivered the note, after having it read in presence of his family and one Woodsides, who was a shrewd business man, and would know if anything was wrong about it. That Baldwin said the machine would stand good for itself. That his family could not use it; it would not run; it was out of repair, and that he had never seen Baldwin since he gave the note, and when sued he took the machine and left

it with the justice at his office. In these statements the appellee was fully corroborated.

The appellants then read in evidence the deposition of J. B. Collins here following:

"I am the general manager of western business of Davis Sewing Machine Company, and reside at Chicago. I have been manager for said company for three and a-half years past, with office at Chicago; and for a year prior to that time with office at St. Louis. Have whole control of business for West. No other person in the West has had authority to employ agents to sell machines for said company, or make contracts during the time I have been manager of said company. N. J. Shepherd has had no connection with the Davis Sewing Machine Company during the time I have been manager. He bought machines of the company, and agreed to pay for them, but never was agent of the company in any way. The note in suit was received by the company from N. J. Shepherd, January 16, 1874, and has been owned and under the control and possession of the company ever since. Mr. Shepherd had been purchasing machines of the company, for which he was indebted for more than amount of said note; he sent the note to us—said company—to be credited upon his indebtedness. The note was received by said company, and said Shepherd was given credit upon his account at the time for the full amount of the note, as he requested. Neither the Davis Sewing Machine Company nor myself had any knowledge of any contract or arrangement upon which said note was given at the time it came into the hands of the company, except what the note showed on its face. At the time of taking the note I had not heard of any defense to said note, and never knew of any until we attempted to collect the note after it became due. S. E. Baldwin has never had any connection whatever as agent, or in any other capacity, with the Davis Sewing Machine Company. The indorsement, 'Pay to John Taylor for collection account of J. B. Collins, manager,' on the back of said note, was made by my authority acting for said company, as manager; it was made to John Taylor for collection."

The appellee insists, first, that the note was given without consideration; secondly, that it was obtained by fraud.

The only evidence tending to show a want of consideration is that of the appellee and his daughter, and is that " the machine was not in repair and would not run." No evidence was given to show the value of the machine, or in what respect the same was not in repair, or that it was of less value than the consideration expressed in the note. Still, had this been done, it would have secured no advantage to the appellee. A failure of consideration in whole or in part, or fraud in the consideration of the note, cannot be set up as a defense, where the note has been assigned before its maturity for a valuable consideration, without tracing its defects to the knowledge of the assignee.

It is next urged that the form of the note and its indorsements throw a suspicion upon its character, and should put a purchaser upon inquiry before purchasing. The only reply we make to this view of the case is, that the evidence shows no fraud in obtaining the execution of the note, and were the transaction fraudulent in reference to the consideration of the note, this taint could not follow it to the hands of an innocent purchaser.

Again, it is urged that the "Davis Sewing Machine Company cannot buy notes in the usual course of trade." The authorities cited in behalf of this position do not sustain the view taken of them by the appellee; they are all to the point that corporations organized for manufacturing or mechanical purposes cannot go beyond their chartered powers and engage in banking purposes, and in discounting commercial paper, where the charters forbid it, or do not confer the power.

We think the Circuit Court should have rendered judgment for the appellants for the amount of the note, with interest. The judgment is therefore reversed, and the cause remanded.

Reversed and remanded.